986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronyell SHELTON, Plaintiff-Appellant,
v.
STATE OF OKLAHOMA; Department of Corrections, Defendants-Appellees.
 No. 92-6300.
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Shelton appeals an order of the district court dismissing his pro se 42 U.S.C. § 1983 complaint against the State of Oklahoma and Department of Corrections on the basis of Eleventh Amendment immunity. We AFFIRM.
 
 
 3
 Mr. Shelton filed his complaint as a § 1983 action against "State of Oklahoma" and "Department of Corrections." Mr. Shelton, a minor inmate in state prison alleged he had been wrongfully tried as an adult in violation of his due process and equal protection rights. He asked that he be placed in a juvenile rehabilitation program.
 
 
 4
 A magistrate judge recommended the case be considered as a habeas corpus action and dismissed as Mr. Shelton failed to exhaust his state remedies.
 
 
 5
 The district court directed the magistrate judge to consider only Mr. Shelton's claims for deprivation of his due process and equal protection rights. The magistrate judge then recommended dismissal on the grounds that both defendants were entitled to immunity under the Eleventh Amendment. The district court agreed and dismissed.
 
 
 6
 We review the dismissal of a complaint de novo. In his pro se appeal to this court Mr. Shelton confuses qualified immunity with Eleventh Amendment immunity and argues that his rights were clearly established. The Eleventh Amendment to the United States Constitution has been interpreted to read that federal courts do not have jurisdiction to expressly decide suits at law by a citizen against a state, unless the state has waived immunity. See Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468 (1987). Appellant cites Harlow v. Fitzgerald, 457 U.S. 800 (1982), which deals with the qualified immunity enjoyed by individual government officials. Qualified immunity is completely different from state sovereign immunity. Mr. Shelton's suit is not against an individual, regardless of the fact that it was served upon an individual as an agent of the state.
 
 
 7
 Pro se litigants often create problems, both for themselves and the courts. This case is an example. Applying liberal rules of construction this suit may be considered as a § 1983 action or as a habeas corpus action or as both. If it is a habeas corpus action the federal court may not decide the case as Mr. Shelton failed to exhaust his state remedies. If it is a § 1983 case the federal court may not decide the case as it is against the state and one of its agencies.
 
 
 8
 Mr. Shelton should realize that federal courts do not have the power to decide every lawsuit filed. Mr. Shelton's action is one of the lawsuits federal courts have no power to decide.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3